# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Ankit Patel,<br><br>    Plaintiff,<br><br>  v.<br><br>Pentagroup Financial, LLC; and<br>DOES 1-10, inclusive,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:   Civil Action No.: _____<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

    Plaintiff, Ankit Patel, says by way of Complaint against Defendant, Pentagroup Financial, LLC, as follows:

## JURISDICTION

    1.  This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

    2.  This Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy as Defendant's violations of the FDCPA pursuant to 28 U.S.C. § 1367.

    3.  Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey.

**PARTIES**

4.     Plaintiff, Ankit Patel (hereafter "Mr. Patel"), is an adult individual residing in Jersey City, New Jersey, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant, Pentagroup Financial, LLC (hereafter "Defendant"), is a Texas business entity with an address of 5959 Corporate Drive, Suite 1400, Houston, Texas 77036, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

**FACTUAL ALLEGATIONS**

7.     Mr. Patel incurred a financial obligation that was primarily for family, personal or household purposes, which was a "debt" as defined by 15 U.S.C. § 1692a(5).

8.     Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Mr. Patel.

9.     Defendant then made numerous attempts to collect the debt from Mr. Patel, each of which was a "communication" as defined by 15 U.S.C. § 1692a(2).

10.     Defendant called the Plaintiff at his place of employment.

11.     Mr. Patel told the Defendant he cannot accept personal calls at his place of employment.

12.     Defendant continued to call Mr. Patel (four) 4 times per day at his place of employment.

13.     Defendant spoke to one of Mr. Patel's coworkers and discussed the debt.

14.     Defendant was rude and abusive when speaking to Mr. Patel.

2

15.     Defendant asked to speak with Mr. Patel's human resources department, inferring they would garnish his wages.  To date, no such action has occurred.

16.     Defendant is adding interest and fees to the debt in violation of the original debt agreement.

17.     Mr. Patel, by written correspondence, requested the Defendant verify the Debt.

18.     Defendant failed to verify the Debt.

19.     Defendant failed to notify Mr. Patel of his rights under state and federal law by written correspondence within five (5) days after initial contact, including the right to dispute the Debt.

20.     Mr. Patel has suffered actual damages including, but not limited to, humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, and unjustified and abusive invasions of personal privacy as a result of Defendant's illegal collection communications enumerated above.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692, et seq.

21.     Mr. Patel incorporates by reference all of the allegations set forth above as if fully set forth herein.

22.     Defendant contacted third parties and failed to identify themselves and further failed to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

23.     Defendant informed third parties of the nature of Mr. Patel's debt and stated that Mr. Patel owed a debt, in violation of 15 U.S.C. § 1692b(2).

24.     Defendant contacted Mr. Patel at a place and during a time known to be inconvenient for Mr. Patel, in violation of 15 U.S.C. § 1692c(a)(1).

25.     Defendant contacted Mr. Patel at his place of employment, knowing that Mr. Patel's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

26.     Defendant used profane and abusive language when speaking with Mr. Patel, in violation of 15 U.S.C. § 1692d(2).

27.     Defendant caused a phone to ring repeatedly and engaged Mr. Patel in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

28.     Defendant misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

29.     Defendant threatened Mr. Patel with garnishment of wages if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

30.     Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

31.     Defendant attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

32.     Defendant failed to send Mr. Patel a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

33.     Defendant failed to send Mr. Patel a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

34.     Defendant failed to send Mr. Patel a validation notice stating Mr. Patel's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

35.     Defendant failed to send Mr. Patel a validation notice informing Mr. Patel of his right to have verification and judgment mailed to him, in violation of 15 U.S.C. § 1692g(a)(4).

36.    Defendant failed to send Mr. Patel a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

37.    Defendant continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

38.    The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

39.    Mr. Patel is entitled to damages as a result of Defendant's violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

40.    Mr. Patel incorporates by reference all of the allegations set forth above as if fully set forth herein.

41.    The Restatement of Torts, Second, § 652(b) ascribes liability for intrusion upon seclusion where one individual, "intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns," and further states that "[said individual] is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

42.    New Jersey further recognizes Mr. Patel's right to be free from invasions of privacy.  Thus, Defendant violated New Jersey state law.

43.    Defendant's telephone calls to Mr. Patel were so persistent and repeated with such frequency as to be considered, "hounding [Mr. Patel]," and "a substantial burden to [his] existence," amounting to an invasion of privacy as defined by the Restatement of Torts, Second, § 652(b).

44.     Defendant's conduct of engaging in the foregoing illegal collection activities resulted in multiple invasions of privacy that would be considered highly offensive to a reasonable person.

45.     As a result of the intrusions and invasions enumerated above, Mr. Patel is entitled to actual damages from Defendant in an amount to be determined at trial.

46.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Mr. Patel is entitled to punitive damages from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Patel prays that judgment be entered against Defendant awarding him:

1. Actual damages including, but not limited to, the emotional distress she has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5. Liquidated damages;

6. Punitive damages; and

7. Such other and further relief that the Court may deem just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 07, 2010

Respectfully submitted,

By: /s/Jennifer Kurtz

Jennifer Kurtz, Esq.
Lemberg & Associates LLC
1100 Summer Street
Stamford, CT 06905
Phone: (732) 390-5262
Fax:     (203) 653-3424